### Hopkins vs. Pedrick.

Certiorari, from Brooks. Landlord and Tenant. Liens. Attachments. Crops. (Before Judge Hansell.)

Jackson, C. J.—1. A distress warrant, issued in December, based on a landlord's special lien on the crop raised on the rented land during the year, took precedence of an attachment against the tenant, levied in September, and put in judgment in October. The landlord's lien attached to the crop on its maturity, and until then the attachment could not be legally levied. Code §§1977, 1978 sub sec. 6.

2. Where a tenant had left the State, there was jurisdiction in the county where the farm was located on which was grown the crop upon which the levy of the landlord's distress warrant was to be made. Code, §1991, sub. sec. 3, 1.

3. The tenant having left the State, no demand could be made. Code §1991, sub. sec. 1.

4. No error requiring a reversal is made to appear in this case; and the burden of showing error rests on him who alleges it.

Judgment affirmed.

W. C. McCall, for plaintiff in error.

J. G. McCall, by Harrison & Peeples, for defendant.

---

### Prescott vs. Carter.

Certiorari, from Echols. Practice. Superior Court. Jurisdiction. Judge. Certiorari. (Before Judge Kibbee.)

Jackson, C. J.—Where the record of a certiorari case showed that the petition was sanctioned by the judge of another circuit than that in which the case was pending, but did not show that the judge of the latter circuit was absent therefrom, but, upon a subsequent motion to dismiss the writ on that ground before the resident judge, he certified that he had, in fact, been absent and overruled the motion, such ruling was not error.

(a.) This case differs from that in 67 Ga., 246.

(b.) The case of a certiorari does not stand alone on the general provisions of §§247, 248 of the code, but on §§4051, 4052, which do not require that the authority, when thus exercised, should show the grounds therefor.

Judgment affirmed.

W. S. West; Wilkinson & Ashley, by brief, for plaintiff in error.

No appearance for defendant.